**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon D Klein,<br><br>          Plaintiff,<br><br>v.<br><br>Thunderbird Collection Specialists Incorporated, et al.,<br><br>          Defendants. | No. CV-20-08092-PCT-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's motion for attorney's fees and costs, which is fully briefed. (Docs. 35-37.) Because the motion is untimely, the Court will deny it.[1]

LRCiv 54.2(b)(2) states,

> [U]nless otherwise provided by statute or court order entered in an individual case, the party seeking an award of attorneys' fees and related non-taxable expenses must file and serve a motion for award of attorneys' fees and related non-taxable expenses (along with a supporting memorandum of points and authorities) within fourteen (14) days of the entry of judgment in the action [.]

The Court entered judgment in this case on August 13, 2020. (Doc. 34.) It did not issue an order altering the date by which Plaintiff was required to submit a motion for fees. Therefore, the deadline to submit a conforming motion was August 27, 2020. Plaintiff did

---

[1] Defendants' request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

not seek an extension, but filed the instant motion nearly one month late, on September 25, 2020. (Doc. 35.)

Plaintiff suggests that the Court should excuse his filing delay because it was caused by Defendants' refusal to stipulate to Plaintiff's proposed fee award and the Rule 68 offer of judgment included "court costs and reasonable attorney's fees as determined by the Court." (Doc. 33-1 at 1.) First, Defendants were under no obligation to stipulate to Plaintiff's proposed award. Defendants' objections were especially reasonable, here, because Plaintiff's proposed amount was based on an itemization that includes block-billing rendering it difficult, if not impossible, to determine fee reasonableness and entries that devote as much as one hour to tasks that should reasonably take ten minutes. Further, when counsel for defense objected to Plaintiff's proposed fee itemization on August 25, 2020, Plaintiff still had two days to either file a motion for fees or to request an extension of time to enable the parties to continue discussions to reach an agreement. Plaintiff did neither. In fact, even though the parties ceased communicating about the fee arrangement on September 3, 2020, Plaintiff inexplicably delayed an additional 22 days before filing a motion, despite defense counsel's timeliness warnings. (Doc. 36-7 at 1.) Second, the fact that Defendants' offer of judgment includes a provision for reasonable fees and costs does not give Plaintiff an unlimited time to request said fees from the Court. LRCiv 54.2(b)(2) applied, and Plaintiff without justification failed to abide. Accordingly,

**IT IS ORDERED** that Plaintiffs motion for attorney's fees and costs (Doc. 35) is **DENIED.**

Dated this 29th day of October, 2020.

Douglas L. Rayes
United States District Judge